22636. STULL v. JACK STULL, INC. et al.

HEAD, Presiding Justice. Counsel for the defendants in error have filed a motion to dismiss the bill of exceptions on the grounds that it was not tendered to the trial judge within thirty days from the date of the decision complained of, and the bill of exceptions does not contain a sufficient assignment of error. The summary judgment sought to be reviewed was rendered on May 4, 1964, and the certificate of the trial judge to the bill of exceptions recites that it was tendered to him on June 4, 1964. *Held:*

1. The Act of 1957 (Ga. L. 1957, pp. 224, 244, *Code Ann.* § 6-902) requires that the bill of exceptions shall be tendered to the trial judge within thirty days from the date of the decision complained of. "When a number of days is prescribed for

the exercise of any privilege, or the discharge of any duty, only the first or last day shall be counted; and if the last day shall fall on Saturday or Sunday, the party having such privilege or duty, shall have through the following Monday to exercise such privilege or to discharge such duty." Ga. L. 1958, pp. 388, 389 (*Code Ann.* § 102-102 (8)).

2. This court knows judicially that June 4, 1964, fell on Thursday. Applying the rule of not counting both the first and the last day, Wednesday, June 3, 1964, was the last day for presentation of the bill of exceptions in the present case. Presentation on Thursday, June 4, 1964, was on the thirty-first day after the judgment complained of, and this court does not have jurisdiction to consider the assignment of error in the bill of exceptions. *Blair v. Blair,* 209 Ga. 347 (72 SE2d 288); *Butler v. Gibbons,* 215 Ga. 454 (110 SE2d 927).

*Writ of error dismissed. All the Justices concur.*

ARGUED SEPTEMBER 16, 1964—DECIDED SEPTEMBER 28, 1964.

*D. B. Phillips,* for plaintiff in error.
*Hugh M. Dorsey, Jr.,* contra.

